(No. 14932.—Decree affirmed.)
Henry F. Rewerts, Plaintiff in Error, *vs.* Fred N. Johnson, Defendant in Error.

*Opinion filed April 14, 1924.*

1. Homestead—*when a bill to have homestead decreed is demurrable.* One who claims a homestead in certain premises after he has assigned back to his vendor the contract of purchase under which he acquired the property should set forth in his bill said contract of purchase, so that the court may determine whether a homestead was ever acquired, and if so, whether it was lost or terminated under section 3 of the Homestead act because of the assignment; and failure to set up the contract or material parts thereof renders the bill demurrable, and on demurrer it will be dismissed without prejudice.

2. Same—*vendee cannot assert homestead against vendor's lien for purchase money.* A vendee who is in possession under a contract of purchase cannot assert a homestead against the vendor's lien for the purchase money, but the vendor, on the other hand, has no more interest in the premises than the right to collect all that is due him for the purchase money, unless the written terms of the contract of purchase are such as entitle him, under certain conditions, to demand a forfeiture of all claim of the vendee.

3. Same—*what is not sufficient allegation that complainant is a householder.* A complainant who seeks to be decreed to have a homestead in certain premises must allege in his bill that he is a householder having a family, and the mere statements that he has a family and that he occupies the premises are not the equivalent of stating that he is a householder.

4. Same—*when assignment of a contract of purchase does not terminate homestead.* Where one occupying premises under a contract of purchase assigns the contract back to his vendor after he has leased the premises, the assignment does not terminate any homestead he may have acquired by virtue of the contract and occupation thereunder where it is not acknowledged as required by section 4 of the Homestead act.

Writ of Error to the Circuit Court of Winnebago county; the Hon. Robert K. Welsh, Judge, presiding.

Roy F. Hall, for plaintiff in error.

Charles W. Ferguson, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The circuit court of Winnebago county sustained a general and special demurrer to an amended bill in equity filed May 19, 1922, by Henry F. Rewerts, plaintiff in error, (herein referred to as complainant,) praying that the court decree a homestead estate to him in certain premises, and that defendant in error, Fred N. Johnson, be enjoined from interfering with D. E. Bode, a tenant in possession under complainant. The cause comes direct to this court by writ of error, a freehold being involved.

The allegations in the bill are the following: March 4, 1920, the complainant became the owner of the premises described as lot 8, in block 1, of Haskell & Kimball's addition to the city of Rockford, Illinois, under a certain contract of purchase, on which he has paid $2000. On that date the complainant, with his family, was residing on the premises as his homestead, and the premises continued to be his homestead until the time of the filing of the bill. On December 2, 1919, there was a pretended assignment of the contract to the defendant, who was formerly the owner of the property before the complainant became the owner thereof. There was a statement made on the latter date and signed by the defendant, a copy of which was attached to the contract, and later another exhibit, which are known as exhibits "A" and "B." The complainant in and by the pretended assignment did not waive his right of homestead, and there was no certificate of acknowledgment attached to the assignment reciting that he had waived his right of homestead. After complainant had purchased the premises he leased them temporarily to D. E. Bode, who was also named as a defendant in the bill and is herein referred to as the tenant and who is in possession for the complainant. The complainant intended thereafter to re-occupy the premises as and for his homestead and has never given up possession thereof as a homestead and never intended to do so. The tenant was to pay $50 per month as rental. The

complainant has a homestead of the value of $1000 in the premises. The defendant has attempted to dispossess him of the homestead, and has served notice on the tenant to pay all rent to him and not to complainant. The defendant claims to own all the premises and is attempting to exercise the right of ownership over all of them, and is contending that the complainant has no interest therein. The defendant has been endeavoring to sell the premises and to ignore the interest of the complainant, and the tenant is about to take the advice of the defendant and pay the rent to him and not to the complainant, and the complainant will be forced to remove the tenant from the premises, and it will not be possible, under the circumstances, for the complainant to get another tenant, and is in danger of losing his interest in the premises.

Exhibits "A" and "B," aforesaid, were attached to and made a part of the bill, the former stating, under date of March 4, 1920, that the complainant and his wife had on that date conveyed to the defendant all their interest in the premises; that the conveyance was by assignment of articles of agreement made December 2, 1919, between the defendant and his wife, parties of the first part, and the complainant and his wife, parties of the second part; that said interest was assigned with the express understanding that at any time within six months the defendant would convey the premises to any purchaser who may be found by the complainant, and that the complainant should receive from the premises, over reasonable expenses incident to the transfer, the sum of $4969.85, and interest on the same from March 1, 1920, at six per cent. Exhibit "B" was merely an extension to January 2, 1921, of the terms of exhibit "A," and both exhibits were signed by the defendant.

There was in the bill, in addition to the special prayer aforesaid, a prayer for general relief, and the question presented by the demurrer to the bill is whether or not the allegations of the bill are such as to entitle the complainant

to any relief whatever. The special points argued by the defendant in this court in support of the decree sustaining the demurrer and dismissing the bill for want of equity are, (1) that the bill does not allege the terms of the contract of purchase between the parties which is referred to in the bill and under which the complainant claims an interest or a homestead in the property in question; (2) that the bill shows that there was an assignment of the contract back to the defendant, who was a party to the contract, and that no reason is alleged in the bill why the assignment is not legal and binding on the complainant.

The bill does not allege the terms of the contract of purchase between the parties, but from the whole bill it does appear that this contract was between the complainant and the defendant. It is stated in the bill that the defendant was the owner of the property before the complainant became the owner thereof, from which, with the other allegations of the bill, it may be implied that the original contract of purchase was between the complainant and the defendant. It is definitely stated that exhibit "A" was signed by the defendant and his wife and by the complainant and his wife, and it appears also from that exhibit that the complainant owed the amount of money mentioned in that exhibit to the defendant, $4969.85, and interest thereon from March 1, 1920. It is not positively stated in the bill that the debt owed by complainant is for purchase money, and it is also true that that fact is not denied by the bill. The bill is demurrable for want of proper allegations setting up the contract of purchase by the complainant or the material parts thereof. It was necessary to do this so that the court might see what was the real interest of the parties to the contract in the premises, and it was not possible for any court to determine the rights of the parties to the contract in the absence of proper averments showing what the contract was. That contract was necessarily binding between the complainant and the defendant, if they were

the parties to it, as there was no homestead in the premises, and could be none at that time, in the complainant, and he could not assert a homestead right against the defendant if he was the vendor, as against his lien for purchase money. On the other hand, the defendant could not, under such circumstances, have more in the premises than the right to collect all that was due him for purchase money, unless the written terms of the contract of purchase were such as to entitle the defendant to demand a forfeiture of all claim of the complainant. *Stafford* v. *Woods,* 144 Ill. 203.

On the second point of contention by the defendant we would be compelled to hold against him, and particularly if proper averments had been made showing that the complainant had acquired and was entitled to a homestead in the property in question as against the defendant, for the reason that it is clearly stated by the complainant that the assignment was not binding as to the homestead because there was no certificate of acknowledgment by the complainant and no statement in the assignment that he waived his right of homestead. The court was not able to determine whether or not the complainant was entitled to a homestead at the time of filing this bill for reasons already stated, and we may further add that the allegations of the bill as to homestead rights are wanting in other particulars. The provisions of the first section of the Homestead act are, that "every householder having a family, shall be entitled to an estate of homestead, to the extent in value of $1000, in the farm or lot of land and buildings thereon, owned or rightly possessed, by lease or otherwise, and occupied by him or her as a residence; and such homestead, and all right and title therein, shall be exempt from attachment, judgment, levy or execution, sale for the payment of his debts, or other purposes, and from the laws of conveyance, descent and devise, except as hereinafter provided." There is no allegation in the bill that the complainant is a householder having a family. It is stated that he had a

family and that he occupied the premises, but the averments in the bill are not the equivalent of stating that he was a householder, as he may have lived on the premises in a tent. (*Stafford* v. *Woods, supra.*) Section 3 of said act provides, in substance, that no homestead shall be exempt from sale for non-payment of taxes or assessments or for a debt or liability incurred for the purchase or improvement thereof. It therefore clearly appears that the lower court properly decided that there was no sufficient showing that complainant had ever acquired a homestead in the premises in question, and the court, from the allegations of the bill, could not properly determine whether or not the homestead right had been terminated, if acquired, by reason of the failure to set out the contract of purchase. It is true, as argued by the complainant, that the assignment of the lease did not terminate the homestead, if there was one, because, in order for such an instrument to terminate the homestead, it must be acknowledged in accordance with the provisions of section 4 of the Homestead act, which the bill clearly shows was not done. The assignment, however, was good as to the entire premises in excess of the homestead, or in excess of the value of $1000, if there was such a homestead. *Anderson* v. *Smith,* 159 Ill. 93.

It is true that so far as the bill discloses the defendant, even though the vendor in the written contract of purchase and entitled to collect all of his claim of purchase money, would not have the right, by reason of the assignment aforesaid and exhibit "A" aforesaid, to contend that the complainant had no interest in the premises, and that he was entitled to more than the right to have the premises sold and his debt and the expenses of sale paid from the proceeds of the sale. The complainant would be entitled to the remainder of such proceeds so far as the showing in the bill is concerned, because, while the two exhibits filed with the bill give the defendant the right to sell the premises or to deed the same to the purchaser secured by the

complainant within the time therein mentioned, these exhibits within themselves do not declare that this is the only right of the complainant or that all of his rights will be foreclosed in case no sale is made within such time. It is apparent, therefore, that the provisions of the contract of purchase must be set forth in a new bill, with all other proper allegations necessary to enable the court to determine the rights of the parties herein. The court therefore properly sustained the demurrer to the bill.

The decree of the court sustaining the demurrer and dismissing the bill for want of equity is affirmed without prejudice.

*Decree affirmed.*