In the Matter of the Estate of Henry Brumshagen, Deceased.
Mary Vieregge, Executor of the Estate of William J. Vieregge, Deceased, Appellee, v. Emil J. Lindenberg, et al., Appellants.

Gen. No. 11,406.

Second District, Second Division.

August 31, 1960.

Rehearing denied September 27, 1960.

Edward C. Maina and Joseph F. Novotney, of Chicago, for appellants.

Dannehl and Davis, of Watseka, and Charles O. Henry, of Kankakee, for appellee.

WRIGHT, J.

This case originated from a claim filed by William J. Vieregge, hereinafter referred to as claimant, against the Estate of Henry Brumshagen, deceased.

Henry Brumshagen died at Crescent City, Illinois, on February 25, 1956. Certain beneficiaries, hereinafter referred to as the appellants, of the Estate of Henry Brumshagen, deceased, objected to the claim. The claimant died prior to the trial of this case and Mary Vieregge, his wife, as Executor of the Estate of William Vieregge, deceased, was substituted. The claim filed by the claimant was as follows:

"To personal services rendered Henry Brumshagen during his lifetime at his request, from June 14, 1954 to February 25, 1956, during which period claimant looked after the farms of deceased, kept his records, collected his rents, sold grain and did his banking; also helped him manage his household, saw that he had proper care and medical attention; employed doctors and nurses and during last illness of deceased was on call 24 hours a day. On death of deceased, in the absence of any member of the family, claimant employed an undertaker, selected casket and made funeral and burial arrangements, 621 days at $10.00 per day. Total $6,210.00."

The appellants filed an answer to the claim in which they denied that the claimant rendered the services alleged, denied that the decedent employed claimant to render such services and stated that if such services were in fact performed, they had been fully paid for by the decedent. After a trial, without a jury, the County Court of Iroquois County, Illinois, entered a judgment in behalf of the claimant in the sum of $3,600.00, from which judgment the appellants take this appeal.

The appellants as reasons for reversal of the judgment make the following contentions: 1. That as a matter of law the claimant occupied the position of a fiduciary in his transactions with the decedent and

17

as such fiduciary he is not entitled to any compensation for services unless provided by statute or by agreement. 2. Where a claim for services is made first after the death of the alleged debtor, the presumption obtains that payment was made during the debtor's lifetime. 3. That as a fiduciary the claimant failed to establish the validity of the claim by clear and conclusive evidence. 4. The judgment is against the manifest weight of the evidence. The claimant contends that the decedent and claimant were not related by blood or marriage and that the law implies an obligation on the part of the decedent and his estate to pay for the alleged services.

On March 25, 1952, the decedent executed a codicil to his will wherein William J. Vieregge, the claimant herein, was designated as executor and trustee of the last will and testament of the decedent. On this same date the decedent executed a plenary power of attorney empowering the claimant to act in his behalf. The power of attorney provided the following:

"POWER OF ATTORNEY. Know All Men By These Presents, that I Henry Brumshagen, of Crescent City, Iroquois County, Illinois, do hereby appoint William J. Vieregge of Gilman, Illinois, for me and in my name and stead to act for me individually and as Executor of the Last Will and Testament of Herman Brumshagen, deceased, in relation to the management of my farms and those in which the estate may have an interest, including leasing and selling of grain and collecting for grain sold; also for depositing checks to my account in bank and to my account as Executor, and to draw checks in my name individually and as Executor, upon any moneys I or the estate of Herman Brumshagen may have on deposit in any banks in Iroquois County and to pay taxes and bills and claims by check on said accounts. To at-

18

tend to and carry out all matters in which I may be interested and on my behalf to execute all necessary instruments and to do all other matters and things as fully and completely as if I were personally present, both individually and as Executor."

To substantiate his claim, the claimant introduced into evidence as exhibits the power of attorney, seventy checks drawn on decedent's bank accounts and the testimony of some thirteen witnesses. The seventy cancelled checks admitted into evidence might be summarized as follows: Thirty-three of the seventy checks are drawn on the First National Bank of Gilman, the first check dated April 22, 1954, and the last October 21, 1955. All of these thirty-three checks are signed by the decedent, Henry Brumshagen personally and are in the total sum of $18,446.21. Eight of the said seventy checks are drawn on the First Trust and Savings Bank of Watseka, the first check dated April 15, 1954, and the last October 1, 1955. All of these eight checks are signed by the decedent, Henry Brumshagen personally and are in the total sum of $1,709.41. Twenty-nine of the seventy checks are drawn on the First Trust and Savings Bank of Watseka, the first dated December 9, 1955, and the last February 16, 1956. All of these twenty-nine checks are signed "Henry Brumshagen by William J. Vieregge, Atty. in fact" and are in the total sum of $4,379.73.

The appellants did not call any witnesses in their behalf or offer any evidence except a warranty deed from the decedent to the claimant. The warranty deed was executed on June 14, 1954, by the decedent and conveyed eighty acres of income producing farm land in Iroquois County, Illinois, to the claimant subject to a life estate in the grantor. The deed stated a consideration of $10.00 and bore no revenue stamps.

The evidence offered on behalf of the claimant reveals that the claimant performed various and sundry services for the decedent. One witness, an owner of a hardware store, testified that the claimant made purchases on behalf of the decedent, the claimant would approve purchases made by tenants who operated the farms of the decedent and the claimant would pay on behalf of the decedent for purchases made by the tenants. He testified that these transactions occurred during June 14, 1954, to February 25, 1956. A retired farmer, who lived close to the decedent, testified that during 1954 to 1956, that he saw the claimant at the decedent's home very often. A nurse testified that she was employed by the claimant to care for the decedent from December, 1955 until February 1956 and that she was paid every week by the claimant for her services. A tenant farmer testified that he rented eighty acres of decedent's land in 1955 from the claimant. He stated further that he had heard that the farm was for rent and went to see the claimant because he was handling the decedent's business. This tenant farmer testified the claimant would come out to the farm practically every day from the start of the planting season until the end of the harvest season, and he consulted with the claimant as if he were the landlord. Another tenant farmer, who farmed 160 acres, testified that if they needed anything he would talk to the claimant and the claimant was instrumental in getting electricity on this particular farm. A third tenant farmer, who farmed a 120 acre tract, testified the claimant was working for the decedent as a farm manager and he consulted the claimant many times concerning the operation of the farm. A fourth tenant farmer testified that he had dealings with the claimant and that the claimant would come to the farm often. An assistant manager of a grain elevator company in Crescent City testified that he had many dealings with the

claimant in behalf of the decedent. He testified he purchased grain through the claimant, sold him fertilizer for the decedent's farm and that the claimant handled all of the transactions. An owner of another grain elevator at Crescent City testified that between June of 1954 and February of 1956, that he did business with the claimant on behalf of the decedent. He stated that he purchased grain and sold clover seed and fertilizers. He testified that the claimant took care of all of the purchasing, collected for the grain, sold and made settlements for seed purchased on behalf of the decedent. A licensed real estate broker testified that the decedent owned a farm in North Dakota and that in August of 1954, he and the claimant made a trip for decedent to North Dakota from Crescent City, Illinois, to sell the farm. The claimant and real estate broker were gone six days in this endeavor and the farm was sold.

■■ The trial court tried this case without a jury and having heard and observed the witnesses testify concluded that the claimant had in fact performed valuable services for the decedent at the latter's request. These findings are certainly supported by the record. The trial court also necessarily found that the farm deeded to the claimant was not payment for these services as contended by the appellant. The evidence amply discloses that the claimant performed a multitude of invaluable services to the decedent, and there is no evidence that the decedent expected these services gratuitously or that the claimant did not expect compensation for the services rendered. As a Court of Review, we will not substitute our findings of fact for the findings of fact of the trial court, unless the judgment is clearly against the manifest weight of the evidence. Floyd v. Smith's Estate, 320 Ill. App. 171, 50 N.E.2d 254.

■ ■ Where no kin or family relationship exists between the parties, and one accepts and retains the beneficial results of another's services which were rendered at his own insistence and request and which he had no reason to suppose were gratuitous, the law will imply liability for such services in such an amount as they are reasonably worth. In such a situation a claim can be established by an implied contract. Floyd v. Smith's Estate, supra. Where the plaintiff or claimant is of no kin to the deceased and is seeking to recover for services rendered by way of a claim filed against the estate, it is not necessary to prove the services were rendered under an express contract. Recovery may be had upon an implied contract. Moreen v. Carlson's Estate, 365 Ill. 482, 6 N.E.2d 871.

■ Appellants strongly contend that claims against estates of deceased persons should be scrutinized with care and not be permitted to prevail except upon clear proof. We are aware of this provision of the law and recognize that before allowances can be made of a claim for services to the decedent, it is essential that an express or an implied contract or obligation on the part of the decedent be established by a preponderance of the evidence. It seems clear to us that the trial court did in fact closely scrutinize the amount and extent of the claim. The original claim was in the sum of $6,210.00, which was reduced by the trial court, and allowed in the sum of $3,600.00.

■ We agree with the contention of the appellants that a fiduciary relationship existed between the claimant and decedent by virtue of the power of attorney. Apple v. Apple, 407 Ill. 464, 95 N.E.2d 334. Appellants then urge that a fiduciary is not entitled to compensation for services unless provided by statute or agreement, and that the evidence fails to establish any contract or agreement. It would certainly be

22

inequitable and a travesty upon justice if the law was such that a fiduciary could not recover for services in the absence of an express contract. The only difference between an express contract and an implied contract is the mode of proof. An express contract is proven by an actual agreement or by the expressed words used by the parties. An implied contract is proven by circumstances showing that the parties intended to contract or by circumstances showing the general course of dealing between the parties. An agreement may be said to be implied when it is inferred from the acts or conduct of the parties instead of their spoken words. Heffron v. Brown, 155 Ill. 322, 40 N. E. 583. The proposition that an agent or employee is entitled to compensation by virtue of an implied contract as well as by an express contract, is well stated in 2 Am. Jur., Agency, Sec. 298:

> "In addition to the contractual duty to compensate the agent, there may also arise a quasi contractual duty of compensation. Indeed, according to the accepted doctrine and the expression of the American Law Institute, except where the relationship of the parties, the triviality of the services, or other circumstances indicate that the parties have agreed otherwise, *it is inferred that one who requests or permits another to perform services for him as his agent promises to pay for them.*" (Emphasis added.)

 In the instant case the services rendered were not trivial. Indeed, the claimant had an onerous responsibility in the management of the extensive farm operations of the decedent. Claimant and deceased were not related by blood or marriage. The services were performed over a period approximately twenty months during which time the claimant supervised the farms and tenants of the decedent, sold grain, pur-

chased seed and fertilizer, and even in one instance made a six day trip to North Dakota in order to assist in selling a farm owned by the decedent. The amount of the claim allowed in the sum of $3,600.00 is certainly not excessive and in fact very reasonable. It is also quite significant that the appellants offered no witnesses to refute this claim. A review of the record in this case brings us to the inescapable conclusion that the judgment in this case is just and proper and supported by the law and the evidence.

The judgment of the County Court of Iroquois County, Illinois, is affirmed.

Judgment affirmed.

CROW, P. J., concurs.

SPIVEY, J., concurs.