MARY ELIZABETH LEMP *et al.*, Plaintiffs-Appellants, v. CARL J. HAUPTMANN *et al.*, Defendants-Appellees.

Fifth District   No. 5—87—0183

Opinion filed June 8, 1988.—Rehearing denied July 8, 1988.

Richard O. Hart and A. Courtney Cox, both of Hart & Hart, of Benton, for appellants.

Gordon Lambert and Doug Dorris, both of Harris, Lambert & Wilson, of Marion, for appellees Carl J. Hauptmann and Margaret Hauptmann.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

Plaintiffs brought suit in the circuit court of Saline County to recover assets valued in excess of $200,000 which were transferred from Myrtle Hauptmann, decedent, to her son Carl Hauptmann, defendant, and his wife, Margaret. Plaintiffs, the children of William Hauptmann and the grandchildren of decedent, alleged that defendant's acquisition of a power of attorney from decedent established the existence of a fiduciary relationship, that while defendant was in this fiduciary relationship he profited from transactions with the decedent, and that these transactions were thus fraudulent. Plaintiffs asked the court to remedy the fraud in equity by creating a constructive trust over the property obtained by the defendant. Plaintiffs also sought the removal of defendant as the trustee of the decedent's trust, the

appointment of a successor trustee, and an accounting from defendant for his actions as trustee.

On January 22 and 23, 1987, the circuit court of Saline County held a hearing on the issues presented in the plaintiffs' petition. At the close of the plaintiffs' case, pursuant to section 2—1110 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1110), the circuit court granted defendant's motion for a directed verdict on the basis that the plaintiffs had presented insufficient evidence as a matter of law from which a court could find judgment in their favor.

The facts of the case as presented in the transcript of the proceedings and the common law record are as follows. Defendant was born on November 23, 1920. He married Margaret Hauptmann in 1949, and their marriage produced two children, Kathleen Hauptmann Presley and James Hauptmann. Defendant is a physician and has practiced medicine in Harrisburg, Illinois, since 1945.

Decedent was born in 1894. She married Carl Hauptmann, Sr., and their marriage produced three children: defendant, William Hauptmann, who died July 3, 1971, and John Hauptmann, who died November 9, 1977. William Hauptmann had eight children, seven girls and one son, who are the plaintiffs in this action. John Hauptmann married Dorothy Hauptmann, and their marriage produced four children, David Hauptmann, Thomas Hauptmann, Annette Prather, and Celeste Bybee, who have been added as defendants. Carl Hauptmann, Sr., died on March 18, 1957. Decedent lived in Harrisburg, Illinois, from 1915 until she moved into Styrest Nursing Home on October 27, 1975. From there she entered Finnie Good Shepard Nursing Home in Galatia, Illinois, on August 7, 1976, where she lived until her death on July 7, 1979.

On April 5, 1952, decedent and Carl Hauptmann, Sr., executed their joint will. The will provided for the creation of a trust commencing upon the death of both of the testators or upon the mental incapacitation or the expressed intent of the surviving spouse. The will authorized the trustee to distribute the net income of the Hauptmann's estate through the trust to the trust's beneficiaries. The will prescribed that the trust would terminate upon the death of all three sons and that the trustee would then distribute the corpus of the trust to the surviving grandchildren or their representatives *per stirpes*. On May 31, 1972, decedent executed a codicil to the joint will designating defendant as the executor of her estate and appointing defendant as trustee of the trust that would commence upon her death.

On November 12, 1975, decedent executed a power of attorney to defendant, which defendant's nephew, David Hauptmann, an attorney

in Saline County, drafted and notarized. The power provided, *inter alia*, that defendant would have the authority to

> "transact all [decedent's] ordinary bank business with the banks with which [decedent is] currently doing business; to draw checks on said bank; to endorse checks, promissory notes, drafts and bills of exchange for collection or deposit; to waive demand, notice and notice of protest of all such writings; and to enter any safe deposit boxes [decedent has] at said banks. To sign and deliver checks, drafts or other orders for the payment of money upon said bank, including checks, drafts or orders drawn to or for the account of, [decedent's] said attorney personally, and to draw money thereon; to settle and adjust [decedent's] accounts, including the power to open new accounts or withdraw from and close out any and all accounts with said bank."

Between November 12, 1976, and July 7, 1979, defendant drafted checks totalling $148,000 on decedent's account and named himself as the payee. Decedent and defendant signed the checks both alone and in combination with each other. Defendant also procured the execution of four deeds of land belonging to the decedent which conveyed real estate to himself and his wife. Defendant tendered the nominal consideration of $1 in exchange for the deeds.

The single issue on this appeal is whether the trial court's directed verdict in favor of the defendant at the close of the plaintiffs' case was in error. The plaintiffs assert that the defendant was in a fiduciary relationship with decedent by virtue of decedent's grant of the power of attorney and that the trial court failed to apply the correct legal presumption that any transaction profiting a dominant party in a fiduciary relationship is presumed to be unfair, fraudulent, and the result of undue influence. The plaintiffs contend that the defendant profited from the fiduciary relationship by writing checks on the account of the decedent and deeding land belonging to the decedent to himself, and they assert that since the presumption has shifted to the defendant because of the fiduciary relationship, the defendant must produce clear and convincing evidence showing that he exercised no fraud or undue influence in the transaction between himself and the decedent, or, if he fails to produce the clear and convincing evidence, the court must establish a constructive trust over the money and property in the possession of the defendant.

■ The general principle in Illinois is that the burden of pleading and proving the existence of a fiduciary relationship lies with the party seeking relief. (*Farmer City State Bank v. Guingrich* (1985),

139 Ill. App. 3d 416, 424, 487 N.E.2d 758, 763.) In the instant case, the court found that the power of attorney was valid, that the power of attorney expressly authorized the defendant to sign and deliver checks to himself on the account of the decedent, and that the power of attorney expressly authorized the defendant to sell the decedent's land. The court also found that the power of attorney created a fiduciary relationship between the defendant and the decedent. The court determined that a presumption of fraud shifting the burden to the defendant to prove the fairness of the transaction is not raised where the grant of the power of attorney expressly states the grantor's intentions as in this case. The court thus found that plaintiffs failed to carry their burden of proving the transaction was fraudulent and entered judgment in favor of the defendant and against the plaintiffs.

We initially note that the trial court was correct in finding that a power of attorney gives rise to a general fiduciary relationship between the grantor of the power and the grantee as a matter of law. In the case of *Apple v. Apple* (1950), 407 Ill. 464, 95 N.E.2d 334, the Illinois Supreme Court held that a power of attorney creates a fiduciary relationship as a matter of law. (*Apple v. Apple* (1950), 407 Ill. 464, 470, 95 N.E.2d 334, 337.) In *In re Estate of Brumshagen* (1960), 27 Ill. App. 2d 14, 169 N.E.2d 112, the court relied on *Apple* in finding that "a fiduciary relationship existed between the claimant and decedent by virtue of the power of attorney." (*In re Estate of Brumshagen* (1960), 27 Ill. App. 2d 14, 22, 169 N.E.2d 112, 116.) Defendant does not dispute that a power of attorney gives rise to a fiduciary relationship and admits that the trial court's determination that a fiduciary relationship existed between the two parties is correct.

Once the petitioner has shown that a fiduciary relationship exists, the presumption is that a transaction between the dominant and servient parties which profits the dominant party is fraudulent. (*Clark v. Clark* (1947), 398 Ill. 592, 601, 76 N.E.2d 446, 450; *In re Estate of Trampenau* (1980), 88 Ill. App. 3d 690, 694, 410 N.E.2d 918, 922.) The dominant party then has the burden of proving by clear and convincing evidence that the transaction was fair and equitable and did not result from his undue influence over the servient party. (*Clark v. Clark* (1947), 398 Ill. 592, 601, 76 N.E.2d 446, 450; *In re Estate of Trampenau* (1980), 88 Ill. App. 3d 690, 694, 410 N.E.2d 918, 922.) The transactions between the defendant and decedent all occurred between the grant of the power of attorney on November 12, 1975, and the termination of the power on decedent's death on July 7, 1979, and the presumption is that the transactions are fraudulent because of the fiduciary relationship between decedent and

defendant. The defendant thus has the burden of proving by clear and convincing evidence that the transaction was fair and equitable to the decedent and that the transaction did not result from his undue influence over the decedent.

■■■ Defendant asserts that the law presumes that the transactions between the parent and child were intended as a gift. Defendant also contends that where two presumptions exist, the presumption in favor of the undue influence yields to the presumption in favor of the gift. In this action, however, we do not have two presumptions, since the fiduciary relationship between the parent and the child defeats the presumption of a gift. "Where a fiduciary relationship exists, even as between parent and child, a gift is never presumed, but rather the burden of proof is on the party claiming there was a gift to establish a gift in fact existed." (*In re Estate of La Rue* (1964), 53 Ill. App. 2d 467, 476, 203 N.E.2d 47, 51.) The defendant has the burden of showing by clear and convincing evidence that the decedent intended the property transfers as a gift from her to him. "Where the parent defers to, trusts in and yields to, the child, where there exists between them what in law is termed a fiduciary relation in which the parent is dominated by the child, and where the child prepares, or causes to be prepared and executed, an instrument conveying to him property of the parent as a gift or upon a grossly inadequate consideration, the presumption arises that the transfer was obtained through [the child's] undue influence, and the burden then rests upon [the child] to show that the conveyance was the result of full and free deliberation on the part of the parent." *Krieg v. Felgner* (1948), 400 Ill. 113, 120-21, 79 N.E.2d 60, 64.

Defendant also cites *Clow v. Chicago Title & Trust Co.* (1972), 9 Ill. App. 3d 168, 292 N.E.2d 44, for the proposition that a fiduciary relationship "does not obtain between a parent and child as a matter of law but must be established by competent evidence, and the proof must be clear and convincing and so strong, unequivocal, and unmistakable as to lead to but one conclusion." (*Clow v. Chicago Title & Trust Co.* (1972), 9 Ill. App. 3d 168, 171-72, 292 N.E.2d 44, 48.) In *Clow*, however, the court attempted to weigh the available evidence to determine if a fiduciary relationship existed because the relationship did not exist as a matter of law. In the case *sub judice*, the court does not need to weigh the available evidence to determine whether a fiduciary relationship exists because the relationship exists as a matter of law due to decedent's grant of the power of attorney to defendant. The parent-child relationship is irrelevant once the fiduciary relationship is established, and *Clow* is inapposite to this appeal.

759

■ The trial court must grant defendant's motion for a directed verdict at the close of the plaintiffs' case only if the evidence, when viewed most favorably to the plaintiffs, totally fails to establish one or more of the necessary elements of the plaintiffs' cause. (*Munjal v. Baird & Warner, Inc.* (1985), 138 Ill. App. 3d 172, 178, 485 N.E.2d 855, 861.) In the case at bar, plaintiff presented sufficient evidence to show that a fiduciary relationship between decedent and defendant existed as a matter of law. The burden thus shifts to the defendant to present clear and convincing evidence of the fairness of the transactions and the free deliberations of the decedent. We therefore reverse the trial court's grant of defendant's motion for directed verdict and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded.

CALVO and LEWIS, JJ., concur.