NOEL GAFFNEY, Plaintiff-Appellee, v. DON McCARRON, Defendant-Appellant.

First District (2nd Division)    No. 62778

Opinion filed February 8, 1977.

Karr & Leonard, of Chicago (Terrence E. Leonard, of counsel), for appellant.

Ventrella & Witous, of Oak Lawn, for appellee.

Mr. JUSTICE PERLIN delivered the opinion of the court:

This action was brought to recover damages sustained by plaintiff as a result of an alleged breach of an oral contract claimed by plaintiff to have been entered into between plaintiff, a masonry contractor, and defendant, a general building contractor. After a bench trial, the trial court found in favor of plaintiff and against defendant and assessed plaintiff's damages at $3750. Defendant appeals.

On appeal defendant contends that the judgment was contrary to the manifest weight of the evidence.

We affirm.

The evidence reveals that plaintiff had performed masonry work for defendant for 12 to 15 years prior to 1971. For eight years their contracts had been oral. Moreover, plaintiff had performed 25 to 30 jobs for defendant in the area of South Parnell Avenue in Chicago, Illinois.

In late 1971 or early 1972 defendant owned a vacant lot at 3742 South Parnell and mistakenly caused an excavation to be dug at 3740 South Parnell, a vacant lot contiguous to 3742, on property owned by George Kwak. Defendant then attempted to purchase the property from Kwak who declined to sell because he was going to build on the property. Kwak testified that he asked defendant for a masonry man and was given plaintiff's name. Defendant indicated that plaintiff's price was a "good price." Kwak, however, in his testimony at the trial was neither responsive to the question as to whether he hired plaintiff to do the masonry work nor was he aware of the price quoted by plaintiff. Kwak did indicate that he contacted plaintiff when his buyers questioned him concerning the color of the brick. Someone other than Kwak had told plaintiff the type of brick to be used. At no time, however, did Kwak say that he hired plaintiff.

Defendant testified that he did not hire plaintiff to perform the masonry work at 3740 South Parnell. Moreover, he indicated that plaintiff was hired by Mr. Kwak, the owner of the lot.

Plaintiff stated that he was working for defendant in the South Parnell neighborhood and that defendant had told him that the foundation was mistakenly poured on Mr. Kwak's land. He further testified that nine to 12 months later defendant told him, "It's ready to go." Subsequently plaintiff performed the masonry work and billed defendant.

At defendant's request plaintiff accompanied defendant to see Kwak in

a joint effort to purchase the property, but they were unsuccessful. Plaintiff then brought this action in contract against defendant.

■■ Defendant claims that the testimony at trial and the relationship between plaintiff, defendant and Kwak established that the judgment of the trial court is against the manifest weight of the evidence. We do not agree.

Oral contracts are valid in Illinois provided as in the instant case they are not barred by the Statute of Frauds. (*Watson Lumber Co. v. Mouser* (5th Dist. 1975), 30 Ill. App. 3d 100, 333 N.E.2d 19.) Moreover, a contract may be established by circumstances showing that the parties intended to contract or by circumstances showing the general course of dealing between the parties. (*In re Estate of Brumshagen* (2nd Dist. 1960), 27 Ill. App. 2d 14, 23, 169 N.E.2d 112.) In the case before us three witnesses testified that they had been involved in numerous meetings and conversations concerning the property at 3740 South Parnell. Both plaintiff and defendant further indicated that plaintiff had performed masonry work for defendant for 12 to 15 years, that their contracts had been oral for the past eight years, and that plaintiff had completed 25 to 30 jobs for defendant in the area of South Parnell Avenue. Moreover, plaintiff stated that though he knew the foundation was mistakenly located on Kwak's land, defendant nine to 12 months later advised him, "It's ready to go." Defendant who was unable to collect from Kwak then brought plaintiff to Kwak in a joint effort to purchase the property.

■■ We believe that the circumstances surrounding the masonry work at 3740 South Parnell, together with the general course of dealing between the parties, meet the requirements of *Watson* and *Brumshagen* to establish a contractual relationship.

Where the outcome of a case is contingent upon the facts found in the record, a reviewing court will not disturb the findings and judgment of the trial court in nonjury cases should the record reveal any evidence to support those findings. (*Brown v. Zimmerman* (1959), 18 Ill. 2d 94, 102, 163 N.E.2d 518.) Furthermore, even when the evidence appears to be in direct conflict, a reviewing court will not substitute its judgment as to the credibility of the witnesses for that of the trial court and will not disturb those findings unless they are clearly against the manifest weight of the evidence. (*Schwinge v. Village of Niles* (1st Dist. 1968), 101 Ill. App. 2d 406, 243 N.E.2d 255.) Our courts have declared manifest weight to mean "the clearly evident, plain and indisputable weight of the evidence." *Gettemy v. Grgula* (1st Dist. 1975), 25 Ill. App. 3d 625, 628, 323 N.E.2d 628, 630.

■■ The testimony in the instant case appears contradictory. While defendant testified that he did not hire plaintiff, the unrefuted testimony of plaintiff was that defendant told him, "It's ready to go." Plaintiff

thereupon performed the work and billed defendant. We are not inclined to reverse the trial judge who was in a much better position than this court to weigh the testimony of the witnesses. He had the benefit of both observing their demeanor and hearing the witnesses in determining their credibility. An opposite conclusion is not clearly evident. We therefore are of the opinion that the trial court's findings and judgment are not against the manifest weight of the evidence.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DOWNING, P. J., and STAMOS, J., concur.