WILLIS WINN, Plaintiff and Counterdefendant-Appellant, *v.* JOHN G. TURNER *et al.*, Defendants and Counterplaintiffs-Appellees.

Fourth District   No. 14510

Opinion filed December 16, 1977.

Harlan Heller, Ltd., of Mattoon (Harlan Heller, of counsel), for appellant.

Frank Lincoln, of Tuscola, for appellees.

Mr. JUSTICE MILLS delivered the opinion of the court:

Did this oral year-to-year farm lease in Illinois commence on March 1 or the prior fall?

The trial judge found that it began the first of March.

We agree and we affirm.

Pursuant to an oral lease, Willis Winn began farming over 190 acres owned by John and Mary Turner in the fall of 1969 and continued through the crop year of 1976. On September 24, 1976, the Turners gave

Winn a written notice to quit under the lease. Winn then filed a complaint for declaratory judgment stating the notice was not properly served upon him four months prior to the commencement date of his year-to-year lease, which he claimed was November 1. In the Turners' answer and counterclaim for declaratory judgment they claimed the year-to-year lease commenced on March 1, 1970, and thus was properly terminated. The court found the lease began on March 1, 1970, dismissed Winn's complaint, and awarded judgment in favor of the Turners. We concur.

Initially, Winn maintains that the trial court's finding of a March 1 commencement date was against the manifest weight of the evidence. In support of this contention Winn points out that the undisputed testimony indicates that in the fall of 1969 he fertilized and plowed the land in preparation for the 1970 crop and each successive fall the parties discussed the type of crops that should be raised the next growing season. Winn claims that he discussed the lease with John Turner in August of 1969 and at that time they agreed Winn would start in farming as normal when Turner got his crops off. He also notes that Turner began storing his equipment on Winn's property well before March 1, 1970. On the other hand, John Turner testified the lease itself commenced on March 1, 1970. Evidence was also presented that the farming custom and usage in east central Illinois was that oral year-to-year farm tenancies began on March 1 and that a new tenant could come on the land to plow and fertilize prior to March 1 if the retiring landowner or tenant had no objection.

The actions of the parties can help determine what was intended (*Bulley & Andrews, Inc. v. Symons Corp.* (1975), 25 Ill. App. 3d 696, 323 N.E.2d 806), and can be strong evidence that a contract was not within the general custom and usage. (*Deshler v. Beers* (1863), 32 Ill. 368.) Contrary to Winn's claim, however, the facts in this case do not point unambiguously to a lease with a fall commencement date. Crop discussions and field work in the preceding fall can be explained by the exigencies of farming which demand advanced planning and preparation. And the storage of equipment by Turner on Winn's property appears to have been at the good will of Winn rather than tied to any tenancy (as indicated by Winn's order for Turner to remove his equipment immediately upon the notice of lease termination).

■■ When the testimony is in direct conflict—as in the present case— the reviewing court will not disturb its finding unless contrary to the manifest weight of the evidence. (*Gaffney v. McCarron* (1977), 45 Ill. App. 3d 944, 360 N.E.2d 508.) Since the trial court's judgment in this case reflected a reasonable inference arising from the conflicting testimony, we cannot upset that determination. *Rhodes v. Sigler* (1975), 27 Ill. App. 3d 1, 325 N.E.2d 381.

Winn next claims the testimony concerning the custom and usage of oral farm tenancies was erroneously admitted. He assesses two reasons.

■■ First, he argues that the custom and usage testimony allegedly validated a farm tenancy unenforceable under the statute of frauds. Although we agree that a custom may not be established contrary to a principle of law, the statute of frauds is not applicable here. Since Winn was given possession under a parole agreement for an indefinite term with annual reservations of rent, a tenancy from year to year was created. (*Rhodes.*) If this lease commenced on March 1, 1970, initially it would have been unenforceable under the statute of frauds because it would not have been completed within one year from the time of the agreement. (*Luster v. Estate of Cohon* (1973), 11 Ill. App. 3d 608, 297 N.E.2d 335 (abstract opinion); *Rader v. Huffman* (1906), 125 Ill. App. 554.) However, part performance in reliance on the lease took it out of the purview of the statute of frauds. (*Grundy County National Bank v. Westfall* (1973), 13 Ill. App. 3d 839, 301 N.E.2d 28.) Thereafter, the statute of frauds was inapplicable since a year-to-year tenancy is essentially a letting that will be completely performed within each year that it is allowed to continue by failure to give the statutorily required notice. *Rhodes.*

■■ Second, Winn claims custom and usage was an affirmative defense which was not pleaded in a timely manner. If custom and usage is set up as an affirmative defense, it must be specifically pleaded. (*Perlman v. First National Bank* (1973), 15 Ill. App. 3d 784, 305 N.E.2d 236; *McCurdy v. Alaska & Chicago Commercial Co.* (1902), 102 Ill. App. 120.) This requirement is illustrated in *Metro-Goldwyn-Mayer, Inc. v. ABC-Great States, Inc.* (1972), 8 Ill. App. 3d 836, 291 N.E.2d 200, where the plaintiff sought to recover additional film rental on the grounds that defendant improperly deducted the city amusement tax in computing its gross receipts. To avoid plaintiff's claim defendant asserted custom and usage as an affirmative defense. But, in cases where it is necessary to explain words or phrases of a contract, or to supply meaning on matters where a contract was silent, custom and usage evidence has been admitted without being specifically pleaded. (*Steidtmann v. Joseph Lay Co.* (1908), 234 Ill. 84, 84 N.E. 640; *Off v. J. B. Inderrieden Co.* (1897), 74 Ill. App. 105.) Since custom and usage was used in this case to ascertain the intent of the parties rather than to affirmatively avoid Winn's claim, it need not have been specifically pleaded.

Affirmed.

GREEN, P. J., and TRAPP, J., concur.