EDWARD R. SCHMITT, Plaintiff-Appellee, *v.* SANDRA S. WOODS, Defendant-Appellant.

Fifth District   No. 78-459

Opinion filed May 31, 1979.—Rehearing denied June 27, 1979.

Robert M. Keenan, Jr., of Townsend, Townsend, Keenan & Timberlake, of Mt. Carmel, for appellant.

No brief filed for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Plaintiff, Edward R. Schmitt, brought suit against his former wife, Sandra S. Woods, in the Circuit Court of Wabash County seeking to recover on a promissory note. Defendant filed a motion for summary judgment which was denied. Pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1977, ch. 110A, par. 308) we granted defendant leave to appeal.

The parties were divorced in October of 1976 in Wabash County. Subsequent to the entry of the decree of divorce, Woods filed a petition against Schmitt for arrearage in child support. At a hearing on the petition, Schmitt introduced into evidence Woods' promissory note payable by indorsement to Schmitt as a setoff against any possible past due installments. In a written order, the trial court stated that Schmitt had failed to meet his "burden of proof" that Woods was indebted to him upon the promissory note. It then awarded Woods the full amount of the delinquent child support payments without granting a setoff. We note that the parties have not supplied us with the records of any of the prior proceedings. We are therefore unable to discern the reasoning of the court's refusal to credit the note against the arrearage in child support. Schmitt then brought this present action to recover on the promissory note. In denying defendant's motion for summary judgment, the court stated that this action was not barred by the doctrine of res judicata.

■■ The sole issue on appeal is whether the order denying defendant the right to credit the note against the arrearage in child support is a bar to a subsequent action for recovery on the note. We believe it is not and therefore affirm the order of the trial court. The doctrine of res judicata provides that a final judgment rendered on the merits by a court of competent jurisdiction is an absolute bar to any subsequent action between the same parties and their privies involving the same claim, demand or cause of action. (*Keim v. Kalbfleisch*, 57 Ill. App. 3d 621, 373 N.E.2d 565 (5th Dist. 1978).) There is no dispute that the original judgment was valid and final and involved the same parties as in the

subsequent suit; however, the doctrine of res judicata will not apply unless it is also determined that the causes of action in both suits were the same. The test generally employed to establish the identity of actions is whether the evidence needed to sustain the second proceedings would have sustained the original action. *Pierog v. H. F. Karl Contractors, Inc.,* 39 Ill. App. 3d 1057, 351 N.E.2d 249 (1st Dist. 1976).

■■ ■ Applying these principles, it is clear that separate and distinct claims are involved. In the prior action, the proof of an enforceable promissory note could have no bearing or effect on the outcome of an action to enforce delinquent support payments. As it is the parent's basic responsibility to provide for the support of his or her children (*In re Nelsen,* 54 Ill. App. 3d 412, 369 N.E.2d 515 (2d Dist. 1977)), public policy dictates that amounts payable as child support take precedence over and are not subject to any personal obligation between the parents. This holding is consistent with previous Illinois decisions holding that "past due installments of child support granted pursuant to a decree of divorce are a vested right and are not subject to modification either as to amount or time of payment." (*Dunsky v. Dunsky,* 40 Ill. App. 3d 845, 848, 353 N.E.2d 371, 374 (1st Dist. 1976); *Strum v. Strum,* 22 Ill. App. 3d 147, 317 N.E.2d 59 (4th Dist. 1974).) Considering the vested rights of these support payments and the paramount importance of protecting the rights of children upon the divorce of their parents, these payments are exempt from any setoff resulting from a personal debt of one of the parties. Consequently, the validity and enforceability of the promissory note was not directly in issue and fully litigated in the original action.

■■ Defendant, however, would argue that the language of the trial court's order suggests that the matter was previously addressed in the first action. We concede that the terms of the order are vague and subject to various interpretations. Notwithstanding the absence of the reasoning of the trial court in the previous action, it is clear that the validity of the note was not, nor could it possibly have been, in issue. We therefore construe the original order, granting judgment against Schmitt on his apparent counterclaim on the note, as merely holding that amounts payable as child support cannot be set off by any outstanding personal obligation existing between the parties. Accordingly, the order denying defendant the right to credit the note against the arrearage in child support could not act as a bar to a subsequent action for recovery on the note.

For the reasons stated, the order of the Circuit Court of Wabash County is affirmed.

Affirmed.

G. MORAN, P. J., and JONES, J., concur.