**In the Matter of Christine I. HOSIER and John R. Hosier, Debtors.**

**Appeal of R. Michael FISCHER.**

**No. 88–1646.**

United States Court of Appeals, Seventh Circuit.

Submitted March 3, 1989.

Decided May 17, 1989.

R. Michael Fisher, Alton, Ill., for debtors.

Before CUMMINGS, CUDAHY, and POSNER, Circuit Judges.

POSNER, Circuit Judge.

This bankruptcy appeal presents a question of first impression under Illinois law—for that matter, so far as we have been able to discover, under any law: whether a parent who has custody of a child can assign a judgment for past-due child support.

Attorney R. Michael Fischer represented Christine Hosier in a suit against her former husband, Harold Brown, for arrearages of child support. Fischer obtained two judgments in the suit. One, styled an or-

der of garnishment, required Brown's employer to deduct 15 percent of Brown's monthly wages and pay the amount thus deducted to Hosier for current child support. The other required the employer to deduct, and pay over to Hosier, another $200 a month from Brown's wages until the entire child-support arrearage of $5,706 was repaid together with $845 in attorney's fees for Fischer.

For services in this and another case Hosier owed Fischer a total of $3,643.60. Shortly after the judgments against her former husband became final, Hosier signed a "promissory note and assignment" whereby she agreed to pay Fischer one-half of each monthly installment of the second judgment—the judgment for child-support arrearages—until her debt to Fischer was repaid in full. Before payment under this arrangement had been completed, Hosier declared bankruptcy. Fischer filed a proof of claim as a secured creditor in the amount of $1,348.34, the balance that Hosier owed him. The trustee in bankruptcy objected, and the bankruptcy judge ruled that the part assignment of Hosier's judgment for past-due child support against her former husband to Fischer was ineffective because Hosier did not have "rights in the collateral," UCC § 9–203(c) (Ill.Rev.Stat. ch. 26, ¶ 9–203(c)), the judgment having been for the benefit of Hosier's children, not Hosier. The district court affirmed this ruling and Fischer appeals.

We can find no cases on the assignability of judgments for past-due child support (other than to the state, as a condition of the state's providing welfare assistance to the child). *Schmitt v. Woods*, 73 Ill.App.3d 498, 29 Ill.Dec. 498, 392 N.E.2d 55 (1979), on which the bankruptcy and district judges relied heavily, states that "public policy dictates that amounts payable as child support take precedence over and are not subject to any personal obligation between the parents." *Id.* at 500, 29 Ill.Dec. at 499, 392 N.E.2d at 56. *Blisset v. Blisset*, 123 Ill.2d 161, 167–68, 121 Ill.Dec. 931, 934, 526 N.E.2d 125, 128 (1988), and *Huckaby v. Huckaby*, 75 Ill.App.3d 195, 30 Ill.Dec. 909, 393 N.E.2d 1256 (1979), hold in like vein that a contract, or even a consent decree, whereby the parent who has custody agrees that the other parent's child-support obligation shall cease if his visiting privileges are not honored is unenforceable. See also *In re Marriage of Grabarek*, 175 Ill.App.3d 1045, 125 Ill.Dec. 522, 530 N.E.2d 680 (1988). The point is simply that a parent cannot bargain away her child's right to child support, at least if the bargain does not yield equivalent value to the child. The principle has at best limited application to a judgment for *past-due* child support. The children are fed, clothed, housed, and so forth, one way or the other, while the arrearages accrue; and Mrs. Hosier makes no claim that she needs the part of the judgment that she assigned to Fischer to support her children at the level contemplated when the original child-support decree (the one Brown defaulted on) was entered. Indeed, if she could not have assigned the judgment, she might not have been able to hire a lawyer to obtain it in the first place—in which event the children would clearly have been worse off, since remember that Fischer obtained not only a judgment for past-due child support but also an order of garnishment to assure continued support for Hosier's children.

All this would be of little significance if a judgment for child support, whether past or future, created no legal rights in the parent who received the judgment. But it does. For example, the parent may sue for past-due child support even after her children have reached majority and are no longer entitled to demand any support from their parents. *Dorsey v. Dorsey*, 86 Ill.App.3d 1043, 42 Ill.Dec. 124, 408 N.E.2d 502 (1980); *Fox v. Fox*, 56 Ill.App.3d 446, 14 Ill.Dec. 201, 371 N.E.2d 1254 (1978). Children do not have standing to enforce child-support orders, see, e.g., *Kelleher v. Kelleher*, 21 Ill.App.3d 601, 316 N.E.2d 212 (1974), and child-support payments are not deemed to be held in trust for the child, see, e.g., *In re Marriage of Miller*, 112 Ill.App.3d 203, 210, 68 Ill.Dec. 167, 172, 445 N.E.2d 811, 816 (1983). Even if Hosier were a trustee, we do not think our analysis would be changed. For having—no one contends otherwise—supported her children out of her own funds during the period of default, it is only right that she

should be able to reimburse herself for that outlay out of the judgment against her husband. The children probably are better off as as a result of the assignment, and certainly they have not been shown to be worse off. We cannot find any reason, technical, equitable, or otherwise, for denying that Hosier had an assignable interest in the judgment. The alternative to allowing assignment would be to require the parties to seek a modification of the judgment sought to be assigned, a modification to permit assignment expressly. This would be a cumbersome requirement and one that, if our analysis is correct, would yield few benefits.

We note in passing that the parties, and the judges below, have assumed incorrectly that the validity of the assignment is governed by article 9 of the Uniform Commercial Code, enacted in Illinois as Ill.Rev.Stat. ch. 26, ¶¶ 9–101 *et seq.* Article 9 is inapplicable (with an immaterial exception) to judgments. See UCC § 9–104(h). It hardly matters; the common law of Illinois allows judgments to be assigned. See, e.g., *Stombaugh v. Morey*, 388 Ill. 392, 58 N.E. 2d 545 (1945); *Heritage Bank v. Recreational Retail Builders, Inc.*, 97 Ill.App.3d 748, 53 Ill.Dec. 189, 423 N.E.2d 573 (1981).

The judgment is reversed and the case remanded for further proceedings consistent with this opinion.