*In re* MARRIAGE OF CAROL A. SENESAC, Petitioner-Appellee, and DAVID M. SENESAC, Respondent-Appellant.

Third District   No. 3—89—0447

Opinion filed April 10, 1990.—Rehearing denied May 17, 1990.

HEIPLE, P.J., concurring in part and dissenting in part.

Ronald E. Boyer, of Boyer & Thompson, Ltd., of Watseka, for appellant.

Robert W. Boyd, of Ackman, Marek, Boyd & Simutis, of Kankakee, for appellee.

JUSTICE SCOTT delivered the opinion of the court:
This is an appeal from an order finding the respondent husband in

contempt of court for failing to pay $12,074.09 in maintenance. We affirm.

The record shows that on December 2, 1981, the trial court entered an order dissolving the marriage of the petitioner, Carol A. Senesac, and the respondent, David M. Senesac. Pursuant to a settlement agreement, the court ordered the respondent to pay the petitioner $80,000 in maintenance, payable in 121 monthly installments of $661.16.

The agreement also incorporated a property settlement wherein each party agreed that he or she would be the sole owner of any and all real estate held in that individual's name. Under this agreement, the respondent received two funeral homes and the marital home. The petitioner received a home encumbered with a $29,000 mortgage she was to pay. The petitioner's property was held in a land trust by the First Trust and Savings Bank of Kankakee. To protect its financial interest, the bank required the respondent to remain a beneficial owner of the property.

In September of 1985, the respondent stopped making his maintenance payments. In December of 1985, the petitioner stopped making her mortgage payments. Thereafter, in January of 1986 the bank filed a foreclosure action, and in February of 1986 the petitioner moved out of the home. At that time the respondent, without permission and on his own initiative, contracted to have over $9,000 in repairs made to the home. The respondent then tried to sell the home, listing it at $38,700. The property was eventually sold, however, at a foreclosure sale, and the respondent was required to pay a deficiency judgment of $2,724.

On October 8, 1987, the petitioner filed a rule to show cause alleging that the respondent was $14,798.09 in arrears on maintenance payments. In response, the respondent alleged that he was entitled to a setoff against the maintenance payments. He contended that the petitioner owed him money for the repairs he had made to the petitioner's home, for the deficiency judgment entered against him following the foreclosure sale, and for his loss of equity in the house.

Following a hearing on the rule to show cause, the trial court found that the respondent was $14,798.09 in arrears on maintenance. The court also found, however, that the respondent was entitled to a $2,724 setoff against the arrearage, since he had been required to pay the deficiency judgment on the house.

On appeal, the respondent argues that the trial court erred in disallowing the full amount he requested as a setoff. Specifically, he argues that the petitioner breached an oral contract wherein she was to

redeem the mortgage on her home and then buy the respondent's equity in the home. He therefore concludes that he was entitled to the full amount of damages caused by the petitioner's breach of their agreement.

■■ ■ Provisions of divorce judgments and property settlements are construed by applying the same rules governing construction of contracts. (*In re Marriage of Kloster* (1984), 127 Ill. App. 3d 583, 469 N.E.2d 381.) Unless an ambiguity exists, the intentions of the parties are determined solely from the language of the document. Where there is an ambiguity, extrinsic evidence is admissible to determine the parties' intentions. (*In re Estate of Bresler* (1987), 159 Ill. App. 3d 535, 510 N.E.2d 1057.) Furthermore, in determining the parties' intentions the court may consider the surrounding circumstances at the time of the agreement. *In re Marriage of Whetstone* (1980), 87 Ill. App. 3d 164, 409 N.E.2d 41.

In the instant case, the trial court was required to construe the following provision of the parties' divorce agreement:

> "The parties acknowledge that they have previously divided certain parcels of real property prior to the filing of this petition for Dissolution of Marriage. Each party agrees that the other shall be the sole and exclusive owner of any and all real estate, beneficial interests in real estate trust or any other interests in real estate, which are in that party's own name, and said interests shall be free of any right, title or interest in or on behalf of the other."

The trial court found that the parties had orally agreed that the intent of this provision was for the petitioner to be responsible for the mortgage indebtedness on her property and to hold the respondent harmless therefrom. The court further found that the petitioner had breached this contract when the respondent was required to pay the $2,724 deficiency judgment. Therefore, the court allowed the respondent a $2,724 setoff against the maintenance arrearage. The trial court further found that this was the extent of the petitioner's liability to the respondent under the settlement agreement and oral contract.

■■ Based on the circumstances surrounding the property settlement, we agree with the trial court's implicit finding that the respondent did not retain any interest in the petitioner's property. Under the agreement, the respondent received two funeral homes and the marital home, free from any interest of the petitioner. The petitioner, in turn, received a home encumbered with a $29,000 mortgage. While the respondent remained a beneficial owner of the property, that appears to have been for the bank's sake only. All of the other

circumstances surrounding the agreement indicated that the petitioner would own the property free from any encumbrance by the respondent.

We therefore conclude that the trial court did not err in refusing to allow the remaining set-off costs requested by the respondent. The court correctly found that the respondent was not entitled to act as a self-appointed receiver to look after the property after the petitioner defaulted on the mortgage. As stated by the trial court, if the respondent wanted to modify the settlement agreement, his proper recourse was to petition the court.

Accordingly, the judgment of the circuit court of Iroquois County is affirmed.

Affirmed.

BARRY, J., concurs.

PRESIDING JUSTICE HEIPLE, concurring in part, dissenting in part:

This case involves a dissolution of marriage agreement wherein respondent-husband was ordered to pay petitioner-wife $80,000 in maintenance installments. Additionally, respondent received two funeral homes and the marital home, and petitioner received another home subject to a $29,000 mortgage. Petitioner was solely responsible for making the mortgage payments on her property, but respondent remained a beneficial owner at the request of the bank that held the land trust. Sometime later in 1985, respondent stopped making maintenance payments, and shortly thereafter, petitioner stopped making mortgage payments. A few months later petitioner vacated the house, and the bank filed a foreclosure action.

Respondent then made $9,000 in repairs to the home and attempted to sell. Eventually, the house was sold at foreclosure, and respondent paid a deficiency judgment of $2,724. Petitioner filed suit against respondent in 1987 for back maintenance. Respondent alleged that he was entitled to offset the monies spent for repairs and the judgment. The trial court determined he was only entitled to offset the judgment amount. The respondent appeals. The issues on appeal are whether respondent is entitled to recover his "equitable interest" in the property, which he valued at $10,000, and the $9,000 in fix-up costs for the property. The majority correctly determined that respondent retained no interest in the property and, therefore, is not entitled to recover any monies representing an "equitable interest."

The majority then concludes, however, that respondent is not entitled to any repair costs either. I respectfully dissent from this portion of the order.

While petitioner took the property subject to a mortgage, and respondent had no equity in it, he remained a beneficial owner on the land trust. As such, respondent also remained liable on the mortgage in the event of default. Petitioner defaulted. Respondent was entitled to repair damage, including broken pipes, water damage, and casualty to the hot water heater and sump pump, in order to protect himself from greater liability on the mortgage in the event of default. Although respondent retained no interest in the property, the fact remains that he faced liability for any deficiency judgment resulting from the foreclosure sale. His efforts to limit that liability by preparing the home for sale do not label him a "self-appointed receiver," but rather indicate a legitimate concern on his part. Respondent's efforts to halt further deterioration of the property and avoid an even larger deficiency judgment were proper, and I believe he is entitled to recover his reasonable repair expenditures. Accordingly, I dissent.