2021 IL App (1st) 191732

SIXTH DIVISION
March 5, 2021

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

No. 1-19-1732

| | | |
|---|---|---|
| *In re* MARRIAGE OF PRISCILLA M. DRAGOI-ZULICIC, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Petitioner-Appellee, | ) ) | |
| and | ) ) | No. 15 D 6025 |
| NERMIN NIKOLA ZULICIC, | ) ) ) | Honorable David E. Haracz, Judge Presiding. |
| Respondent-Appellant. | ) | |

PRESIDING JUSTICE MIKVA delivered the judgment of the court, with opinion.
Justices Connors and Harris concurred in the judgment and opinion.

## OPINION

¶ 1    Petitioner Priscilla Dragoi-Zulicic and respondent Nermin Zulicic divorced on September 8, 2017. They had no children. The judgment of dissolution of their marriage included an order for Priscilla to pay Nermin maintenance and delegated payment of the judgment for unpaid condominium assessment fees to Nermin.

¶ 2    Nermin failed to pay off any of the judgment on the condominium fees, and, on May 29, 2019, Priscilla filed a motion to abate her maintenance obligation to Nermin and to use those funds to pay off an agreed judgment against her for the unpaid condominium fees. The circuit court, finding the motion was more properly categorized as a motion to enforce the judgment for dissolution, ordered Priscilla to use her maintenance payments to pay off the condominium

assessment judgment.

¶ 3    Nermin now appeals, arguing that the circuit court erred in (1) granting Priscilla's motion and awarding her an unlawful offset, (2) denying his emergency motion to dismiss Priscilla's motion to abate maintenance payments, and (3) failing to require that Priscilla file a financial affidavit pursuant to Cook County Circuit Court Rule 13.3.1(b) or respond to discovery requests regarding her financial circumstances. For the following reasons, we affirm the decision of the circuit court.

¶ 4                                        I. BACKGROUND

¶ 5    Priscilla and Nermin were married on October 19, 2003. On July 1, 2015, Priscilla filed a petition for dissolution of marriage after moving out of the marital home, which was a condominium. As of September 2015, neither party was paying their condominium assessment fees to the Malibu East Condominium Association (Malibu East). On July 12, 2016, the circuit court ordered Nermin to pay the monthly assessment fee.

¶ 6    On September 8, 2017, the circuit court awarded a judgment for dissolution of the marriage. The circuit court determined that Nermin was entitled to maintenance payments from Priscilla in the amount of $1490 per month for 84 months. The court split the parties' retirement assets equally. As Nermin had failed to pay the assessment fees to Malibu East pursuant to the court's prior order, the court delegated payment of the judgment that had been entered for those fees against both parties to him, stating, "Nermin *** shall otherwise indemnify and hold Priscilla *** harmless for any other amounts related to the [j]udgment." Priscilla moved to reconsider the dissolution judgment, and on March 2, 2018, the court entered an order reducing the amount of maintenance to $756 per month for the same duration.

¶ 7    On May 29, 2019, Priscilla filed a motion to abate maintenance. She alleged that on May

15, 2019, an agreed judgment order had been entered against her for $24,858.88, plus court costs, in favor of Malibu East for the unpaid assessment fees. The May 15, 2019, judgment order, which had been entered in a 2018 municipal division case, was attached to Priscilla's motion. The order made clear that Priscilla and Nermin were jointly and severally liable for the judgment.

¶ 8   In her May 29, 2019, motion, Priscilla argued that Nermin's failure to pay the condominium judgment left her vulnerable to collection efforts by Malibu East. Priscilla argued that the May 15, 2019, agreed judgment against her was a substantial change in her financial circumstances and requested that her maintenance obligation be abated while she paid the debt that had been delegated to Nermin. Because the debt was greater than the amount that would be paid in maintenance—which was only $21,948.38 at the time of her motion—Priscilla also requested the dissolution judgment be modified to give her sole possession of the funds in the parties' retirement accounts, which would make up for some, but not all, of the difference between what she would have paid in maintenance and would have to pay to satisfy the agreed judgment against her.

¶ 9   On July 16, 2019, Nermin filed a motion to enforce Cook County Circuit Court Rule 13.3.1(b), arguing that Priscilla failed to file a financial affidavit or proof of income with her motion to abate maintenance, as the rule required. He also sought leave to serve Priscilla with discovery regarding her financial situation. On July 24, 2019, Nermin filed an emergency motion to dismiss Priscilla's motion to abate maintenance pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2018)), arguing that the motion to abate maintenance was "completely devoid of any facts to support Priscilla's allegations" that she experienced a substantial change in financial circumstances. Nermin again argued that Priscilla failed to comply with Cook County Circuit Court Rule 13.3.1(b) because she did not file a financial affidavit within

the requisite 30 days.

¶ 10    During the hearing on the motions, the court determined that Priscilla's motion to abate maintenance was more properly categorized as a motion to enforce the judgment, stating "[i]t's a Motion to Enforce, to enforce him to pay what he was supposed to pay on the judgment." The circuit court ordered Priscilla's maintenance payments to be redirected from Nermin to the agreed judgment that had been entered against Priscilla, "such that Priscilla shall make mainten[ance] payment directly toward the judgment." The court ordered that the $756 per month payment was not otherwise modified and that, should Priscilla pay off the judgment against her for assessments prior to the termination of the maintenance, the remaining payments would again be made to Nermin. However, if the judgment against her was "not satisfied by the mainten[ance] payments prior to the termination of mainten[ance]," Priscilla could "seek reimbursement for amounts paid in excess of the maintenance obligat[ion]." The circuit court denied Priscilla's request for attorney fees and to redistribute the retirement accounts. The court also denied Nermin's motion to enforce Cook County Circuit Court Rule 13.3.1, found that no discovery was necessary for its order, and held that Nermin's emergency motion to dismiss would serve as his response to Priscilla's motion.

¶ 11    Nermin now appeals.

¶ 12                                                 II. JURISDICTION

¶ 13    The circuit court entered its order resolving Priscilla's postdissolution motion on July 24, 2019. An order resolving a postdissolution claim, where no other claims remain outstanding, is final and appealable. *In re Custody of Purdy*, 112 Ill. 2d 1, 5 (1986). Nermin filed his timely notice of appeal on August 22, 2019. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017), governing appeals from final judgments entered by the circuit court in civil cases.

¶ 14                                    III. ANALYSIS

¶ 15    On appeal, Nermin argues the circuit court erred by (1) granting Priscilla's motion to abate maintenance and awarding her an offset with respect to her maintenance payments, (2) denying his emergency motion to dismiss Priscilla's motion to abate maintenance payments, and (3) failing to require that Priscilla file a financial affidavit pursuant to Cook County Circuit Court Rule 13.3.1(b) and respond to discovery requests regarding her financial circumstances.

¶ 16    Nermin's arguments on appeal rest in large part on the premise that Priscilla was required—but failed—to sufficiently demonstrate a substantial change in circumstances in her motion to abate maintenance. As Nermin points out, section 510 of the Illinois Marriage and Dissolution of Marriage Act (Dissolution Act) expressly provides that "[a]n order for maintenance may be modified or terminated only upon a showing of a substantial change in circumstances." 750 ILCS 5/510(a-5) (West 2018). This is the basis for Nermin's argument that the court erred in both denying his emergency motion to dismiss and granting Priscilla's motion. Nermin's argument that the court erred in denying him discovery similarly relies extensively on this notion. He states that "[b]y denying [his] Motion for Enforcement, which also requested leave to conduct additional discovery, [he] was denied the opportunity to obtain discovery from [Priscilla] regarding whether she was experiencing a substantial change in circumstances."

¶ 17    Nermin is correct that Priscilla's motion was titled a "motion to abate maintenance." However, our supreme court has made clear that, "when analyzing a party's request for relief, courts should look to what the pleading contains, not what it is called." *In re Haley D.*, 2011 IL 110886, ¶ 67. The circuit court determined that Priscilla's motion was more properly viewed as a motion to enforce Nermin's obligations under the dissolution judgment. Nermin does not argue on appeal that the court erred in this characterization of Priscilla's motion. Indeed, he makes no

mention of this fact at all in his opening brief. In his reply brief, he states simply that her "trial motion was not to enforce the dissolution judgment, nor was it brought pursuant to section 511 of [the Dissolution Act]." See 750 ILCS 5/511 (West 2016). Nermin, having failed to properly raise or support any argument that the circuit court erred in its characterization of Priscilla's motion, has forfeited his right to do so. See *1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co.*, 2015 IL 118372, ¶ 14 (arguments not raised on appeal are forfeited); *Franciscan Communities, Inc. v. Hamer*, 2012 IL App (2d) 110431, ¶ 19 (arguments raised for the first time in reply briefs are forfeited).

¶ 18     In any event, we find that the court appropriately treated Priscilla's motion as a motion to enforce part of the dissolution judgment. A party seeks enforcement when it "requests a determination of the parties' rights and obligations with respect to the terms [of the circuit court order], as opposed to the imposition of new or different obligations on the parties." *In re Marriage of Figliulo*, 2015 IL App (1st) 140290, ¶ 12. Priscilla did not request new or different obligations. She requested that Nermin pay the debt delegated to him in the dissolution judgment through her maintenance payments—the amount, frequency, and duration of which remained unchanged. In other words, she was seeking to enforce of the parties' obligations, not modify them. Priscilla did not need to demonstrate a substantial change in circumstances because she was not asking the court to modify the amount or duration of her maintenance payments. See 750 ILCS 5/510(a-5) (West 2018) (requirement that a party show a substantial change in circumstances applies to requests for maintenance modification or termination).

¶ 19     Bearing this in mind, we address Nermin's arguments on appeal.

¶ 20                     A. Priscilla's Motion and Offset

¶ 21     Nermin argues that the circuit court erred in both granting Priscilla's motion and in

awarding Priscilla an unlawful offset as relief. We disagree.

¶ 22    "A trial court retains indefinite jurisdiction to enforce the terms of a judgment of dissolution of marriage" (*In re Marriage of Hendry*, 409 Ill. App. 3d 1012, 1016 (2011)), and "[t]he [c]ourt has the power to enforce its decrees by requiring the parties to do what ought to be done" (*Vinci v. Vinci*, 131 Ill. App. 2d 496, 501 (1970)). Further, "equity has the power to allow or compel a setoff." *Dudek, Inc. v. Shred Pax Corp.*, 254 Ill. App. 3d 862, 874 (1993).

¶ 23    The parties do not agree on the standard of review for this issue. Nermin argues that our review is *de novo* because "it involves the construction and application of an Illinois Statute," while Priscilla argues the manifest weight of the evidence standard for review of bench trials should apply. Our own research reveals that courts have reviewed enforcement of dissolution judgments through offsets for both manifest error and abuse of discretion. See, *e.g.*, *In re Marriage of Irvine*, 215 Ill. App. 3d 629, 634 (1991) (reviewing circuit court order offsetting what respondent owed to petitioner under the dissolution judgment for the costs of repairs and maintenance for abuse of discretion); *In re Marriage of Martino*, 166 Ill. App. 3d 692, 695-96 (1988) (reviewing circuit court order offsetting maintenance payments due to past overpayment under the manifest weight of the evidence standard). Nermin's claim is that the court acted impermissibly in granting an offset; he does not argue that the evidence does not support the outcome. Because "[r]eview for abuse of discretion is proper when the trial court is called upon to exercise its equitable powers [citations], or when it must, for lack of a better phrase, make a judgment call" (*People v. Chambers*, 2016 IL 117911, ¶ 75) and the manifest weight of the evidence standard is more appropriate for "factual or evidentiary determinations" (*In re Marriage of Vancura*, 356 Ill. App. 3d 200, 204 (2005)), we will review this claim under the abuse of discretion standard. A court abuses its discretion when its ruling "is arbitrary, fanciful, or unreasonable, or when no reasonable person

7

would take the same view." *Favia v. Ford Motor Co.*, 381 Ill. App. 3d 809, 815 (2008).

¶ 24    Nermin's argument that the court erred in awarding Priscilla this offset rests on two cases, *In re Marriage of Dwan*, 108 Ill. App. 3d 808 (1982), and *Schmitt v. Woods*, 73 Ill. App. 3d 498 (1979), both of which are quite different than the matter before us now.

¶ 25    In *Marriage of Dwan*, the circuit court awarded the petitioner $56,000 in child support and maintenance arrearages. 108 Ill. App. 3d at 811. The respondent argued on appeal that the circuit court erred in refusing to grant him an offset from the arrearages for payments he made to third parties. *Id.* at 813. In rejecting this argument, the court noted that the respondent was directed to make payments to the petitioner, not to third parties, and that the payments therefore did not "strictly comply" with the court's order. *Id.* at 814. In finding no error, the court reasoned:

> "If we were to allow [the respondent] credit toward the arrearage for such payments, we would be empowering him to unilaterally vary the terms of the trial court's order, and we would be permitting him to usurp [the petitioner]'s right as custodial parent to determine the manner in which the support money should be spent." *Id.*

¶ 26    In contrast, the circuit court in this case exercised its discretion to specifically *allow* an offset. The only issue here is whether that was an abuse of discretion. Moreover, the facts are quite different. Priscilla did not unilaterally make payments to a third party that were not included in the terms of the dissolution judgment. Rather, she asked the court to enforce the terms of the dissolution judgment by treating her payment of the debt that had been specifically delegated to Nermin as an offset to her maintenance payments. Finally, in *Marriage of Dwan* the respondent sought to offset not just his maintenance payments, but his child support obligations as well, a request that, as the *Schmitt* case demonstrates, raises public policy concerns that are simply not present here.

¶ 27 The plaintiff in *Schmitt* sued to recover on a promissory note from his ex-wife, the defendant. *Schmitt*, 73 Ill. App. 3d at 499. The defendant had previously filed a petition against the plaintiff for arrearage in child support, in response to which the plaintiff submitted this same promissory note to the court and requested the court use it "as a setoff against any possible past due installments," which the court declined to do. *Id.* The question on appeal was whether this denial of the offset barred the later action for recovery on the promissory note. *Id.* This court found there was no bar because "separate and distinct claims are involved." *Id.* at 500. The court stated:

> "[T]he proof of an enforceable promissory note could have no bearing or effect on the outcome of an action to enforce delinquent support payments. As it is the parent's basic responsibility to provide for the support of his or her children [citation], public policy dictates that amounts payable as child support take precedence over and are not subject to any personal obligation between the parents." *Id.*

¶ 28 Although this case does not involve child support payments, Nermin argues that the public policy concerns outlined in *Schmitt* apply equally here, and that "[Priscilla]'s debt *** should not take precedence over [Nermin]'s maintenance award." But the public policy barring offsets to child support payments has no apparent application to spousal maintenance payments. In contrast to child support payments—which "take precedence over and are not subject to any personal obligation between the parents" because "it is the parent's basic responsibility to provide for the support of his or her children" (*id.*)—amounts payable from one spouse to another may be on equal footing with other financial obligations between them.

¶ 29 Courts have routinely allowed offsets of maintenance obligations. Priscilla cites *In re Marriage of Senesac*, 196 Ill. App. 3d 409 (1990). In that case, the circuit court offset the respondent's maintenance payments by $2724 because he paid a deficiency judgment on the

petitioner's house that had been foreclosed upon. *Id.* at 410. On appeal, the respondent argued that he deserved a greater offset because he also paid for repairs around the house. *Id.* at 410-11. This court held that the circuit court "did not err in refusing to allow the remaining set-off costs requested" because the respondent was not entitled to take the actions he took. *Id.* at 411-12. The $2724 offset was unaffected. *Id.* at 412. Other cases include *Martino*, 166 Ill. App. 3d at 695-96, where this court affirmed an order that granted an offset in maintenance payments due to past overpayment of maintenance, and *Needler v. Needler*, 131 Ill. App. 2d 11, 17-18 (1971) where the court reversed the circuit court's decision and allowed defendant to offset a maintenance payment because of payments made for children's hospital bills. Nermin has failed to provide any convincing reason to apply the public policy relating to child support payments to maintenance obligations in this case.

¶ 30    In short, we find that the circuit court did not abuse its discretion in awarding an offset of maintenance payments that Priscilla would otherwise have made to Nermin in order to allow her to satisfy the judgment against her for the condominium fees. In this manner, the circuit court was enforcing, rather than modifying, the parties' obligations under the dissolution judgment.

¶ 31                                    B. Motion to Dismiss

¶ 32    Nermin next argues that the circuit court erred in denying his motion to dismiss. We disagree for the same reasons outlined above.

¶ 33    Nermin brought his motion to dismiss pursuant to section 2-615 of the Code, which "challenges the legal sufficiency of a complaint based on defects apparent on its face." *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006); 735 ILCS 5/2-615 (West 2018). We review an order denying a section 2-615 motion *de novo* (*Marshall*, 222 Ill. 2d at 429) and "accept as true all well-pleaded facts in the plaintiff's complaint and all inferences that may reasonably be drawn

in the plaintiff's favor" (*Ferguson v. City of Chicago*, 213 Ill. 2d 94, 96-97 (2004)). "[A] cause of action should not be dismissed pursuant to section 2-615 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recovery." *Marshall*, 222 Ill. 2d at 429.

¶ 34 As mentioned above, Nermin's sole argument as it relates to this claim is that Priscilla failed to plead a substantial change in circumstances as required to modify maintenance payments. However, she did not need to plead a substantial change in circumstances in order to seek enforcement of the dissolution judgment. It is clearly apparent that Priscilla was entitled to recovery where Nermin failed to indemnify and hold her harmless for the debt delegated to him in the dissolution judgment and that a substantial change in Priscilla's circumstances was not a prerequisite to enforcement of that standing order.

¶ 35                                                            C. Discovery

¶ 36 Nermin's remaining claim on appeal is that the circuit court erred in failing to enforce Cook County Circuit Court Rule 13.3.1 and in denying his request for discovery. Again, for the same reasons, we disagree.

¶ 37 Cook County Circuit Court Rule 13.3.1(b) provides:

> "In all post-judgment proceedings in which a party is seeking to establish, modify or enforce an order of maintenance, child support, support for educational expenses pursuant to Section 513 of the Illinois Marriage and Dissolution of Marriage Act, support for a non-minor child with a disability pursuant to Section 513.5 of the Illinois Marriage and Dissolution of Marriage Act, or attorney's fees or costs, the parties shall exchange a completed 'Financial Affidavit' unless either party files a written objection with the court and shows good cause why such exchange should not be required." Cook County Cir. Ct. R. 13.3.1(b).

11

¶ 38    Because this case involved a motion to enforce the part of the dissolution judgment that ordered a party to pay a judgment that had been entered against both parties for condominium assessments, this rule is inapplicable on its face. Priscilla was not seeking to establish, modify, or enforce an order of "maintenance, child support, [or] support for educational expenses." Nermin argues that, because he did not receive a financial affidavit or discovery, he was "denied the opportunity to obtain discovery from [Priscilla] regarding whether she was experiencing a substantial change in circumstances." However, as noted above, a substantial change in circumstances is only relevant if Priscilla was requesting a modification of the maintenance payments.

¶ 39    Moreover, "a trial court is afforded great latitude in rulings on discovery matters, and a court of review will not disturb such rulings absent a manifest abuse of discretion." *D.C. v. S.A.*, 178 Ill. 2d 551, 559 (1997). Nermin does not suggest any issue on which discovery would have been helpful. The facts were simply not in dispute. Priscilla attached both the agreed judgment that had been entered against her on May 15, 2019, and the dissolution judgment to her motion. These established Nermin's obligation to indemnify her for the condominium fees and the amount of debt she had incurred in a judgment against her because he had not met that obligation. The circuit court did not abuse its discretion in denying discovery.

¶ 40                                IV. CONCLUSION

¶ 41    For the reasons stated above, we affirm the decision of the circuit court.

¶ 42    Affirmed.

**No. 1-19-1732**

| | |
|---|---|
| **Cite as:** | *In re Marriage of Dragoi-Zulicic*, 2021 IL App (1st) 191732 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 15-D-6025; the Hon. David E. Haracz, Judge, presiding. |
| **Attorneys for Appellant:** | Robert C. Sheridan, of Law Offices of Beverly A. Pekala, P.C., of Chicago, for appellant. |
| **Attorneys for Appellee:** | Annette M. Fernholz, of Law Offices of Annette M. Fernholz, P.C., of Chicago, for appellee. |